RECEIVED
USDC, CLERK, CHARLESTON, S

2008 NOV 19 A 11: 03

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Willa Glover, | ) | C. A. No. 2:07-4064-CWH-RSC |
| Plaintiff, | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| Food Lion, Inc., | ) | |
| Defendant. | ) | |

This civil action within the court's diversity jurisdiction asserting common law torts brought by an individual proceeding pro se is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion for partial summary judgment. 28 U.S.C. § 636(b).

Plaintiff Willa Glover filed her complaint against Defendant Food Lion, Inc.[1], on November 21, 2007, in the South Carolina Court of common Pleas for Charleston County and Food Lion removed the action to this court timely on December 18, 2007, pursuant to 28 U.S.C. §§ 1332 and 1441 et seq. Glover seeks over one million dollars in damages for alleged personal injuries arising from a slip and fall incident on December 1, 2004, at a Food Lion grocery store in Charleston, South Carolina.

---

[1] Defendant is identified incorrectly as Food Lion, Inc., and is actually Food Lion, LLC.

1

The period for discovery ended on July 1, 2008. On September 17, 2008, Food Lion filed a motion for partial summary judgment, in which it concedes liability for purposes of the motion only, but seeks a judgment that Glover cannot recover certain elements of her claimed damages. On September 22, 2008, Glover was provided a copy of the defendant's motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). On October 29, 2008, Glover filed a response in opposition to the motion along with various unverified exhibits. Hence, it appears consideration of the motion is appropriate.

## **SUMMARY JUDGMENT STANDARD**

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid summary judgment on defendants' motion, a plaintiff must produce

evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, Id. at 255, 106 S.Ct. at 2513-14.

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also, Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with

... affidavits, if any." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993).

### PREMISES LIABILITY

Glover has alleged Food Lion was negligent in allowing water to stand in a shopping aisle without any signs warning customers of the hazard and that she was injured as a result. Negligence is generally the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation; or doing what such a person, under the existing circumstances, would not have done. Roberts v. City of Forest Acres, 902 F.Supp. 662, 673 (D.S.C. 1995). To prevail on a negligence claim in South Carolina, a plaintiff must show the (1) defendant owed a duty of care to the plaintiff (2) defendant breached the duty by a negligent act or omission (3) defendant's breach was the actual and proximate cause of the plaintiff's injury and (4) the plaintiff suffered injury or damages. Allen v. Greenville Hotel Partners, Inc., 405 F.Supp.2d 653, 657 (D.S.C. 2005).

Proximate cause requires proof of both causation in fact and legal cause. Oliver v. S.C. Dept. of Highways and Pub. Transp., 309 S.C. 313, 316, 422 S.E.2d 128, 130 (1992). Causation in fact is proved by establishing the injury would not have occurred but

for the defendant's negligence.  Legal cause is proved by establishing foreseeability.  Id.

## FACTS

On December 1, 2004, Glover was shopping in the downtown Charleston Food Lion grocery store, when she slipped and fell in the store's meat department aisle.  According to Glover and an eye witness, L. Corice Williams, a store employee was cleaning the aisle with a floor cleaning machine, which machine left the floor wet with streaks of water.  Further, Glover and Williams did not see any cautionary signage to warn of any possible dangers in the area where the store employee was cleaning.

After the accident, Glover reported the fall to the manager on duty.  After speaking with the manger, Glover left the store and walked several blocks to her home.  Two days after the fall, Glover went to the emergency room at Charleston Memorial Hospital.  The emergency room physicians treated her for a hip sprain. (Def. Ex. A).  On December 7, 2004, Glover returned to Charleston Memorial Hospital's emergency room.  The physicians treated her for a contusion to her left hip and hand. (Def. Ex. B).  From December 7, 2004, until February 8, 2008, Glover receive no treatment from any physician or medical provider for her hip sprain and left hand contusion.

Glover alleges she incurred an injury to her right and left hips as a result of the fall which now requires bilateral hip

replacement surgery. Additionally, Glover seeks damages for a second bilateral hip replacement surgery sometime in the future which she believes she will require because of her young age. Glover claims damages for emotional distress, the loss of her home, and lost wages and future income.

For the purposes of this summary judgment motion Food Lion acknowledges that Glover did fall in its store and is liable for the accident. Food Lion, however, contends it is not the proximate cause of some of the injuries and damages that Glover claims are a result of the accident, i.e. loss of wages and future income and future medical expenses.

As explained in Glover's January 22, 2008, answers to interrogatories Glover contends she lost approximately $105,000.00 in wages from Southeastern Solar Energy as a freelance grant consultant and board member. Glover also contends she lost $28,000.00 in fees from Southeastern Solar Energy. According to her pleadings, she was entitled to 1% of a $28,000,000.00 dollar grant. Additionally, Glover claims that but for the accident she would have earned as a part of future wages between $325,000.00 to $1,300,000.00 as a grant writer servicing potentially 1000 to 4000 clients.

## DISCUSSION

A review of the record and relevant case law indicates that the plaintiff has presented nothing of evidentiary quality to

show that the defendant was the actual and proximate cause of certain of her claimed damages.

In this case, Glover claims that she lost $105,000.00 in wages from Southeastern Solar Company as a grant writing consultant and board member. She also claimed that Food Lion caused her to lose an additional $28,000.00 that was owed to her by Southeastern Solar Company. In support of her claim Glover filed an unverifed and unsigned copy of a contract. (Def. Ex. D). She has presented no other evidence demonstrating that Southeastern Solar Energy contracted with her for future years' work. Glover indicated that she hoped to establish her contract and the lost wages by calling witnesses at trial. She filed no affidavits in support of that hope.

Likewise Glover's claim that she lost future wages of between $350,000.00 and $1,500,000.00 has no evidentiary support and she again indicated that she would prove her damages at trial.

Glover asserts in her complaint that as a result her injury she now requires a bilateral hip replacement surgery as well as a second bilateral hip replacement surgery sometime in the future. While Glover has named as experts at trial the MUSC emergency room physicians, her disability examiners, her family doctor and Dr. Richard Bowles, she has not presented even one medical record or affidavit from any these experts indicating it is reasonably

certain that she will incur the cost of bilateral hip replacement surgeries. Evidence for future damages must be beyond speculation or conjecture and reasonably certain to occur. <u>Pearson v. Bridges</u>, 344 S.C. 366, 544 S.E.2d 617 (2001).

Glover's failure to present anything of evidentiary quality in opposition to the defendant's well supported summary judgment motion is fatal to proving that Food Lion caused these damages. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); <u>Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. <u>Barber v. Hosp. Corp. of Am.</u>, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993). It appears that Food Lion is entitled to summary judgment on Glover's claimed damages of

8

$105,000.00, $28,000.00, lost future wages of between $350,000.00 and $1,500,000.00, and the cost of multiple bilateral hip replacement surgeries.

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that the defendant's partial motion for summary judgment be granted.

                              Respectfully Submitted,

                              */s/ Robert S. Carr*

                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina

November 19, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).