IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Willa Glover, ) | Civil Action No. 2:07-4064-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Food Lion, Inc., ) | ORDER |
| ) | |
| Defendant. ) | |

On November 21, 2007, the plaintiff, Willa Glover (the "plaintiff"), proceeding pro se, filed this suit against the defendant, Food Lion, LLC[1] (the "defendant"), alleging that she was injured in a slip and fall incident on December 1, 2004 at the defendant's store in Charleston, South Carolina. The plaintiff alleged that the defendant was negligent in the care and maintenance of the floor and sought $1.2 Million dollars in damages. On September 17, 2008, the defendant filed a motion for summary judgment wherein, for purposes of its motion, it admitted that the plaintiff fell in its store and it is liable for the accident, but contended that the plaintiff failed to show that the defendant was the actual and proximate cause of certain of the plaintiff's claimed damages (lost wages, future income, and future medical expenses). The plaintiff responded to the defendant's motion on October 29, 2008, and on November 19, 2008, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") issued a report analyzing the issues and recommending that the Court grant the defendant's motion for summary judgment as to damages. The magistrate judge advised the plaintiff of the procedures and requirements for

---

[1] The defendant was improperly identified by the plaintiff as "Food Lion, Inc."



filing objections to the report and the serious consequences if she failed to do so. The plaintiff has filed no objections and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). In the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (Citation omitted).

After reviewing the record of this matter, the applicable law, and the report, the Court agrees with the conclusions of the magistrate judge. The defendant's motion for summary judgment as to damages is granted. In addition, the defendant's motion in limine is moot.

**AND IT IS SO ORDERED.**

December 12, 2008  
Charleston, South Carolina

C. WESTON HOUCK  
**UNITED STATES DISTRICT JUDGE**