RECEIVED
USDC. CLERK. CHARLESTON. S

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willa Glover, | C. A. No. 2:07-4064-CWH-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Food Lion, Inc., | |
| Defendant. | |

This diversity action pursuant to 28 U.S.C. § 1332 was brought by this *pro se* plaintiff in December 2007.

On September 10, 2008, the undersigned filed a report and recommendation noting that the time for discovery and dispositive motions had expired, that there were no matters pending, and that the action appeared ready for trial. Concurrently, this matter was returned to the United States District Judge for trial. Thereafter, the defendant filed a motion for leave to file a belated summary judgment motion and motions in limine. On September 15, 2008, the Honorable C. Weston Houck, United States District Judge, entered an Oral Order mooting the report and recommendation and granting the defendant's motion for leave to file a belated motion for summary judgment and motions in limine by September 17, 2008.

On September 17, 2008, the defendant filed a motion for partial summary judgment on the issue of damages. By order of this court filed September 22, 2008, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of dismissal and summary judgment procedures and the possible consequences if she failed to respond adequately. On October 29, 2008, the plaintiff filed a response in opposition to the motion for summary judgment. On November 10, 2008, the defendant filed a reply to the plaintiff's response.

On November 19, 2008, the undersigned filed a report and recommendation that the defendant's partial motion for summary judgment as to damages be granted. On December 15, 2008, the Honorable C. Weston Houck, United States District Judge, entered an Order granting the motion for partial summary judgment and finding as moot the motions in limine.

On December 18, 2009, the plaintiff filed a Notice of Interlocutory Appeal. On April 20, 2009, the Fourth Circuit Court of Appeals filed an opinion dismissing the Notice of Interlocutory Appeal for lack of jurisdiction.

The plaintiff had filed a motion to amend before seeking an interlocutory appeal, accordingly on May 26, 2009, following the dismissal of the appeal, a hearing was held on the plaintiff's motion to amend (Doc. #86). The plaintiff failed to appear for the hearing. The Clerk of Court made telephone contact with the plaintiff, but she did not remain on the line and did not answer subsequent repeated phone calls to her.

Thereafter, the defendant filed a motion to dismiss plaintiff's complaint for failure to cooperate. By order of this court filed June 2, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of dismissal and summary judgment procedures and the possible consequences if she failed to respond adequately. The plaintiff has failed to respond to defendant's motion for dismiss, and it appears that she may have abandoned this action.

Since the petitioner is proceeding pro se, the court filed a second order on July 10, 2009, giving the plaintiff an additional ten (10) days in which to file her response to the defendant's motion to dismiss. The plaintiff was specifically advised that if she failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
July 30, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P.O. Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).